**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WAB Air Limited,<br>a foreign corporation,<br><br>Applicant,<br><br><br><br>*In re* Application for Order Pursuant to<br>28 U.S.C. § 1782 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

**WAB AIR LIMITED'S *EX PARTE* APPLICATION FOR**
**LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Applicant WAB Air Limited ("WAB") requests that this Court enter an order granting it leave to issue subpoenas for the production of documents to Insured Aircraft Title Service, LLC, ("Insured Aircraft") an Oklahoma corporation headquartered in this District, for use in an anticipated England-based lawsuit pursuant to 28 U.S.C. § 1782. A proposed order is attached hereto as Exhibit 1, and a proposed subpoena to produce documents, information, or objects is attached hereto as Exhibit 2.

**INTRODUCTION**

WAB seeks discovery of documents and information for use in anticipated litigation against Jetcraft Global (UK) Limited ("Jetcraft") in England. WAB entered into a compensation agreement with Jetcraft, whereby Jetcraft agreed to provide "*assistance in consummating the sale*" of WAB's Bombardier Global Express aircraft, serial number 9097 (the "Aircraft") for compensation. Jetcraft represented to WAB

that a sale to the eventual third-party buyer, a Turkish entity, "*had to*" be structured through Jetcraft for compliance purposes; WAB, understands, however, that that is not accurate, and suspects that Jetcraft has instead purchased the Aircraft from WAB for a significantly lower price than it received from the eventual Turkish buyer. Jetcraft's potential misrepresentation has therefore caused WAB to lose sale proceeds to which it would have otherwise been entitled.

WAB intends to pursue misrepresentation claims against Jetcraft in England. However, it has been unable to determine the price Jetcraft sold the Aircraft to the Turkish buyer for as Jetcraft, and therefore whether any misrepresentation has indeed occurred; Jetcraft says that its arrangements with the Turkish buyer are confidential, and the Turkish buyer has not responded to WAB's enquiries. And, of course, WAB cannot reasonably estimate its damages without knowing the actual amount of Jetcraft's excess profits. As such, WAB seeks leave from this Court to obtain documents and information from Insured Aircraft, who provided escrow services for the purchase and re-sale of the Aircraft, regarding the exact price paid to Jetcraft on the re-sale of the Aircraft. Insured Aircraft have confirmed this, and have also confirmed that they are aware of the sale price, but are unable to disclose it to WAB owing to confidentiality provisions under its escrow agreement with the Turkish buyer and Jetcraft as WAB was not a party to that transaction.

## ARGUMENT AND AUTHORITIES

### I. WAB'S APPLICATION SATISFIES THE STATUTORY CRITERIA.

28 U.S.C. § 1782 ("Section 1782") authorizes this Court to order Insured Aircraft produce documents and information for use in a proceeding in a foreign or international tribunal.[1] An applicant seeking discovery under Section 1782 must show that: (1) the discovery is sought from a person or entity found in this district; (2) the discovery is for use in a proceeding before a foreign tribunal; (3) the applicant is an "interested person" to the proceeding before a foreign tribunal. *In re O'Keefe*, 650 Fed. Appx. 83, 84 (2d Cir. 2016). Importantly, Section 1782 does not require a "pending" or "imminent" foreign proceeding; rather, it is sufficient that the foreign proceeding is "in reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). WAB's Application satisfies each of these criteria.

As to the first factor, Insured Aircraft's headquarters and registered agent are located in Oklahoma City, Oklahoma. As such, it is plainly an entity "found in this district." As to the second factor, the documents and information sought are plainly for use in a reasonably contemplated proceeding before the English High Court, a foreign tribunal, in that WAB intends to use the materials sought in this Application to determine a) whether an actionable misrepresentation has actually occurred, and b) the amount of damages it has suffered as a result of Jetcraft's actions if so. Finally, WAB is an interested person in reasonably contemplated proceedings before the

---

[1] Section 1782 Applications are routinely granted *ex parte* because the subpoenaed party will have an opportunity to object to production after the subpoena is served. *See IPCom GMBH & Co. KG v. Apple Inc.* 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014).

English High Court because it intends to use the documents sought herein to support its claims against Jetcraft.

## II. WAB's Application Satisfies the Discretionary Criteria.

In addition to the statutory requirements, the Supreme Court has identified several non-exclusive factors that this Court may consider in deciding whether to grant this Application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to U.S. judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; (4) whether the discovery requests are unduly burdensome. These discretionary factors weigh in favor of granting this Application.

As to the first factor, the Supreme Court has explained, "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Here, Insured Aircraft will not be a party to WAB's anticipated lawsuit against Jetcraft in England. As such, while the English courts would be able to compel Insured Aircraft to produce the discovery sought in this Application, an English court order has no effect in Oklahoma without further endorsement of a local court. Accordingly, an order to this effect would save the time and costs of obtaining a materially similar order in England that would then need to be ratified here in any case, cutting out a further step. That is precisely the reason for this Application—WAB seeks documents from Insured Aircraft so that it can

determine whether a misrepresentation has occurred before initiating proceedings in England, thereby avoiding potentially wasted costs. The first factor, therefore, supports granting WAB's Application.[2]

The second factor further supports granting this Application. England is unquestionably receptive to U.S. judicial assistance. A finding to the contrary requires "authoritative proof that [the] foreign tribunal would *reject* evidence obtained with the aid of Section 1782." *Siemens AG v. W. Digit. Corp.*, Case No. 13-CV-1407, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013). And district courts "routinely allow applications to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom." *See In re IKB Deutsche Industirebank AG*, Case No. 09-CV-7852, 2010 WL 1526070, at * 4 (N.D. Ill. Apr. 8, 2010) (collecting cases). Thus, the second factor supports granting this Application.

The request is not an attempt to circumvent foreign proof-gathering restrictions. In fact, the House of Lords has specifically approved of the use of Section 1782 to obtain documents for use in proceedings before the courts of England. *See South Carolina Insurance Co. v. Aussurantie Maatschappij "de Zeven Provincien" NV* (1986) 3 All ER 487 (HL).[3] Because the House of Lords has endorsed the use of Section

---

[2] Although the documents sought would likely be subject to disclosure in English proceedings between WAB and Jetcraft, that disclosure would occur only after proceedings had been initiated and the pleadings had closed. Given the substantial adverse costs risk in English litigation, where the unsuccessful party generally bears the successful party's legal costs, it would make little sense for WAB to commence proceedings before confirming that a misrepresentation has actually occurred.

[3] A copy of this Opinion is attached hereto as Exhibit 3.

1782 in similar circumstances, WAB's Application does not constitute an attempt to circumvent any proof-gathering restrictions imposed by the courts of England.

Finally, the discovery requests are narrowly tailored and proportionate to the needs of WAB's claims. WAB seeks only the escrow closing statement of the sale of the Aircraft by Jetcraft to the Turkish buyer and/or any other documentation clearly demonstrating that sale price. This request is minimally burdensome and narrowly tailored to information necessary to establish the purchase price paid to Jetcraft, and, therefore, whether an actionable misrepresentation has taken place. As such, the fourth factor weighs in favor of granting the Application.

## CONCLUSION

For the reasons set forth herein, WAB respectfully requests that this Court enter an order authorizing WAB to issue the attached subpoena to Insured Aircraft.

Danny C. Williams, Sr., OBA No. 14144
Jared M. Burden, OBA No. 30026
Sam Black, OBA No. 34614
FREDERIC DORWART, LAWYERS PLLC
124 East 4th Street
Tulsa, OK 74103
(918) 583-9922 – telephone
jburden@fdlaw.com
sblack@fdlaw.com

Counsel for WAB Air Limited

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Sam Walker, Solicitor of the Senior Courts of England and Wales and counsel for WAB Air Limited, verify under penalty of perjury under the laws of the United States of America that the foregoing *Ex Parte* Application for Leave to Obtain Discovery for Use in Foreign Proceedings is true and correct.

Sam Walker

Sam Walker